FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

98 NOV 23 PM 2: 13

U.S. DISTRICT COURT
N.D. OF ALABAMA

MARIANNE SHIPMAN, ROBERT M. )
SHIPMAN, and ROBERT S. SHIPMAN, )
                                )
        Plaintiffs;             )
                                )
-vs.-                           )        No. CV-98-P-0368-S
                                )
UNITED HEALTHCARE OF ALABAMA,   )
INC.,                           )
                                )
        Defendant.              )
                                )
                                )

NOV 23 1998

## OPINION

The defendant's Motion to Dismiss or for Summary Judgment, the plaintiffs' Motion to Compel, the plaintiffs' Request for Additional Time to Respond to and to Oppose Defendant's Motion, and the plaintiffs' Motion for Leave to Amend Complaint were all taken under submission at this court's June 26, 1998 motion docket. Upon consideration, the motion to compel is due to be denied. Because the request for additional time hinged on this court's ruling on the motion to compel, that request is due to be denied as moot. For the reasons expressed herein, the motion for leave to amend is due to be denied and the motion to dismiss is due to be granted.

## Facts

The plaintiffs filed this action on February 17, 1998, alleging claims under the Employee Retirement Income Security Act (ERISA), the Rehabilitation Act, and the Americans with



Disabilities Act (ADA), as well as state law claims of breach of contract, willful failure to pay a claim, outrage, intentional infliction of emotional distress, and willful breach of contract. The claims arise out of the defendant's alleged refusal to pay certain medical bills for plaintiff Robert S. Shipman, son of plaintiffs Marianne and Robert M. Shipman.

Marianne Shipman is an employee of the Madison County School System. She obtained health insurance for herself, her spouse, and her two children through her employer. The defendant is an HMO that administers health benefits for Alabama's public education employees pursuant to the Public Education Employees Health Insurance Program (PEEHIP).[1]

From January to March 1992, plaintiff Robert S. Shipman was hospitalized for medical and psychiatric treatment. The plaintiffs claim that the defendant has refused to pay the hospital bills because the defendant "will not pay for mental problems over and above a small amount." Complaint ¶ III.4. The plaintiffs contend that Robert S. Shipman's problems were caused by a chemical imbalance and that the medical treatment he received exceeded the psychiatric counseling he underwent.

The defendant filed its motion to dismiss or for summary judgment on March 11, 1998. The defendant states several grounds for its motion. First, it argues that the plaintiffs' ERISA claim is due to be dismissed because the plaintiffs' health plan falls under the governmental plan exception in 29 U.S.C. § 1003(b)(1). Second, the defendant argues that the ADA claim is due to be dismissed because (1) the plaintiffs have not exhausted administrative remedies; (2) the claim is barred by the applicable statutes of limitation; (3) the defendant is not an employer of the

---

[1] *See* Ala. Code §§ 16-25A-1 to -17 (1995).

plaintiffs; (4) none of the plaintiffs is a qualified individual with a disability; and (5) the provisions of the applicable contract are specifically permitted by the ADA. The defendant opposes the plaintiffs' Rehabilitation Act claim for similar reasons. Finally, the defendant argues that the state law claims are due to be dismissed because the plaintiffs have failed to exhaust administrative remedies and because venue is improper.

The plaintiffs filed a motion for leave to amend their complaint on June 19, 1998. In addition to alleging that Robert S. Shipman was a qualified individual with a disability, the proposed amended complaint avers that the plaintiffs did file a claim with the EEOC and received no response. The proposed complaint also adds a claim of violation of due process and equal protection rights based on the unconstitutionality of the legislative act establishing PEEHIP.

## Analysis

I. ERISA Claim

Governmental employee benefit plans are excepted from ERISA coverage.[2] A plan established by the government of any state or by a state agency or instrumentality is a governmental plan.[3] Because the benefit plan in this case was established by the State of Alabama through the Public Education Employees' Health Insurance Board, the plan is not subject to a claim for benefits under ERISA. Thus, the plaintiffs' claim under ERISA is due to be dismissed.

---

[2] *See* 29 U.S.C. § 1003(b)(1) (1994).

[3] *See id.* § 1002(32).

II. ADA Claim

In its Motion to Dismiss, the defendant argues that the complaint fails to state a claim under the ADA because the defendant is not and has never been the employer of any of the plaintiffs. The plaintiffs concede that Robert S. Shipman was not an employee of the defendant and do not argue that Marianne or Robert M. Shipman were employees of the defendant. Although the complaint does not specify under which section of the ADA the plaintiffs bring their claim, the parties' arguments indicate that the complaint contemplates a claim under Title I of the ADA. In the absence of an employment relationship, however, the plaintiffs cannot state a claim under Title I of the ADA.[4] Consequently, the plaintiffs' ADA claim is due to be dismissed.

III. Rehabilitation Act Claim

Although the court notes that the complaint fails to allege that Robert S. Shipman is an otherwise qualified handicapped individual, the court finds that the Rehabilitation Act claim is due

---

[4] Although the parties have not addressed the applicability of Title III of the ADA, the complaint does not appear to state a Title III claim upon which relief can be granted. Notably, the plaintiffs have not requested injunctive relief, the only form of relief available under Title III. The Courts of Appeals disagree about whether the contents of an insurance policy or health plan can violate Title III's provisions regarding public accommodations. *Compare Car Parts Distribution Center, Inc. v. Automotive Wholesalers' Ass'n*, 37 F.3d 12 (1st Cir. 1994) (public accommodations not limited to physical facilities) *with Parker v. Metropolitan Life Insurance Co.*, 121 F.3d 1006 (6th Cir. 1997) (public accommodation is a physical place). Nevertheless, the ADA provides a safe harbor for public accommodations offering insurance policies consistent with state law, subject to a subterfuge provision. *See* 42 U.S.C. § 12201(c) (1994). Even if the plaintiffs could establish that the defendant is a public accommodation whose goods and services are not consistent with state law or actuarial principles, the plaintiffs would still encounter a statute of limitations problem. Because any Title III violation would have occurred at the time the plaintiffs received their health insurance coverage, prior to 1992, and because Title III would borrow the most analogous state statute of limitations of two years for a personal injury claim, the plaintiffs' Title III ADA claim would be time-barred. *See* Ala. Code § 6-2-38(l) (1993).

4

to be dismissed for a different reason.  Any violation of the Rehabilitation Act of the type the plaintiffs allege would have occurred at the time Marianne Shipman obtained the allegedly discriminatory health insurance policy, which was prior to Robert S. Shipman's 1992 hospitalization.  Because the Rehabilitation Act does not provide a statute of limitations period, courts should apply the most analogous state statue of limitations.[5]  In Alabama, that statute is the two-year personal injury statute of limitations.[6]  Because the plaintiffs did not bring this action within two years of obtaining the health insurance policy, the Rehabilitation Act claim is due to be dismissed.

IV. Proposed Amended Complaint

The plaintiffs seek to add a claim of due process and equal protection violations based on the unconstitutionality of the Alabama act creating PEEHIP.  Specifically, the plaintiffs contend that Alabama Code sections 16-25A-1 to -17 violate Article IV, Section 93 of the Alabama Constitution, as amended by Amendment Number 12.  Because the court finds that this proposed count fails to state a claim upon which relief can be granted, the motion for leave to amend is due to be denied.

---

[5] *See Everett v. Cobb County School District*, 138 F.3d 1407, 1409 (11th Cir. 1998) (citing *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985)).

[6] *See* Ala. Code § 6-2-38(l) (1993); *see also Andalusia City Board of Education v. Andress*, 916 F. Supp. 1179, 1184-85 (M.D. Ala. 1996) (applying two-year statute of limitations to Rehabilitation Act claim).

V.  State law claims

Because the court has dismissed the claims over which it has original jurisdiction, it declines to exercise supplemental jurisdiction over the plaintiffs' state law claims.  The defendant's motion is due to be granted as to the state law claims.  The tolling period in 28 U.S.C. § 1367(d) shall begin as of the date of the entry of the accompanying order.

Dated: _____*Nov. 23*_____, 1998

_____

Chief Judge Sam C. Pointer, Jr.

Service List
        Mr. Robert M. Shipman
        Mr. Cavender C. Kimble
        Ms. Teresa G. Minor

6